J-S59036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALONZO ROBINSON | : | |
| | : | |
| Appellant | : | No. 3184 EDA 2018 |

Appeal from the PCRA Order Entered September 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0215061-1982

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY McLAUGHLIN, J.:          **FILED JANUARY 31, 2020**

Alonzo Robinson appeals from the dismissal notice informing him that the court intended to dismiss his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Because the notice of the PCRA court's intent to dismiss is not a final order dismissing his petition, we quash Robinson's appeal as interlocutory.

On April 21, 2017, Robinson *pro* se filed the PCRA petition that gave rise to this appeal. In the petition, he alleges that there was an error concerning his prior record included in the Pre-Sentence Investigation Report (PSI) used for his December 4, 1984 sentencing for rape, involuntary deviate sexual intercourse, resisting arrest, and assault. On September 18, 2018, the PCRA court issued notice of its intent to dismiss Robinson's petition without a hearing pursuant to Pa.R.Crim.P. 907. On October 17, 2018, Robinson filed a notice of appeal; however, the PCRA court had yet to dismiss the petition.

Under Pennsylvania law, appeals may be taken only from final orders. *See* Pa.R.A.P. 341 ("[A]n appeal may be taken as of right from any final order."). Pennsylvania Rule of Criminal Procedure 910 states that, "[a]n order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910.

Because the notice of intent to dismiss does not finally dispose of Robinson's PCRA petition, it does not constitute a final order. Accordingly, the notice of appeal filed October 17, 2018, is from an interlocutory order and must be quashed.

Appeal quashed as interlocutory.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/20